# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-88V
### Filed: June 22, 2017
NOT TO BE PUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MARIA CORULLA, as the parent and natural guardian of N.J., a minor, | \* <br> \* <br> \* |
| Petitioner, | \* <br> \* |
| v. | \* <br> \*     Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* <br> \* <br> \* |
| Respondent. | \* <br> \* <br> \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DECISION ON ATTORNEYS' FEES AND COSTS

**Hastings,** Special Master:

On January 15, 2016, Maria Corulla ("Petitioner") filed a petition on behalf of her minor child, N.J., for compensation ("petition") under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[1] (the "Vaccine Act"). Petitioner alleged that N.J. suffered vaccine-induced encephalopathy and/or brain damage due to Meales-Mumps-Rubella ("MMR"), Varivax, and Fluzone vaccinations that were administered on January 16, 2013, followed by a second Fluzone vaccination on February 19, 2013. (Pet., p. 2). On November 22, 2016, Petitioner gave notice of her voluntary dismissal of the petition pursuant to Vaccine Rule 21(a). (ECF No. 30).

On May 19, 2017, Petitioner's counsel filed a motion for attorneys' fees and costs ("motion"). (ECF No. 34). Petitioner requests attorneys' fees and costs in the total amount of $14,602.19. (*Id.* at 4). In accordance with General Order #9, Petitioner's counsel represents that Petitioner incurred no out-of-pocket expenses. (*Id.* at 6). On June 5, 2017, Respondent filed a response to Petitioner's motion ("response"). (ECF No. 35).

---

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In his response, Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (ECF No. 35, p. 1).  Respondent adds, however, that he "is not satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, in that there does not appear to be sufficient evidence of a reasonable basis for this claim." (*Id.* at 2).  Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3).

On June 8, 2017, Petitioner filed a reply to Respondent's response to Petitioner's motion. (ECF No. 36).  Petitioner claims that "[r]easonable basis is supported by the short time on the statute of limitations, the representations of Ms. Corulla, the selected medical records we received prior to filing, the difficulty of obtaining the key Staten Island University Hospital records, and the quick resolution of this case after [evidence was collected]." (*Id.* at 1-2).

I have reviewed the file, and given the overall circumstances, I find that the case was filed in good faith, and with a "reasonable basis," for the reasons set forth in Petitioner's reply.  Further, I have reviewed the billing records submitted with Petitioner's request.  Based upon my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of Petitioner's request, I **GRANT** Petitioner's motion for attorneys' fees and costs in the amount of $14,602.19.

**Accordingly, the undersigned awards the total of $14,602.19[2] as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel Mark T. Sadaka, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

---

[2] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.